J-S53034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE:  STANLEY TEOFIL ZELINSKY, : IN THE SUPERIOR COURT OF
JR., : PENNSYLVANIA
:
:
:
:
:
:
:
APPEAL OF:  STANLEY TEOFIL :
ZELINSKY, JR., :
:
Appellant : No. 22 MDA 2015

Appeal from the PCRA Order entered on October 24, 2104
in the Court of Common Pleas of Schuylkill County,
Criminal Division, No. CP-54-MD 0000648-1981

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 29, 2015**

Stanley Teofil Zelinsky, Jr. ("Zelinsky"), appeals from the Order

denying his fifth Petition for relief filed pursuant to the Post Conviction Relief

Act ("PCRA").[1]  We affirm.

In its Opinion, the PCRA court briefly summarized the facts and

procedural history relevant to the instant appeal as follows:

> On March 26, 1982, a jury found [Zelinsky] guilty of
> murder in the first degree, and [the trial court] … sentenced
> [Zelinsky] to life imprisonment.  On August 24, 1984, the
> Superior Court affirmed the judgment of sentence in
> **Commonwealth v. Zelinsky**, 481 A.2d 1377 (Pa. Super.
> 1984).  The Supreme Court denied leave to appeal on May 22,
> 1985.  [Zelinsky] has filed four prior PC[RA] petitions, namely,
> on October 24, 1984, December 7, 1993, later amended under
> the date of August 8, 1994, May 30, 1997 and March 9, 2013, all

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

of which have been [previously] dismissed by the Superior Court. Now, under [the] date of August 19, 2014, [Zelinsky] again files a PC[RA] Petition seeking DNA testing and analysis, among other [claims] that have already been litigated and dismissed in several other proceedings.

PCRA Court Opinion, 10/24/14, at 1. On October 24, 2014, the PCRA court dismissed Zelinsky's fifth PCRA Petition, after which he filed the instant timely appeal.

Zelinsky presents the following claims for our review:

1) Where challenges to jurisdiction arise[,] is the burden of proof upon the Commonwealth?

2) Can the regularity of the proceedings be called into question where the Commonwealth exceeded jurisdiction through the use of misrepresented criminal informations?

3) Can the regularity of the proceeding[s] be called into question where the Commonwealth and [trial] court eluded [*sic*], to the jury, evidence of an underlying felony requirement for alleged criminal conduct not charged or proven?

4) Can the regularity of the proceeding[s] be called into question where [Zelinsky] was sentenced under mandatory minimum guidelines without proof of a prior conviction?

5) [Are Zelinsky's] criminal informations and sentence imposed subject [*sic*] statutory definition, statutory language and the legislative intent of [the] statute as provided for by [the] Pennsylvania Statutory Construction Act?

6) Did the PCRA court commit an error of law or violate the due process rights of [Zelinsky] upon denying and dismissing his legality of sentence claims?

Brief for Appellant at 3.[2]

---

[2] On appeal, Zelinsky raises no claims related to his request for DNA testing.

We review an order denying collateral relief under the PCRA to determine whether the evidence of record supports the findings of the PCRA court and whether its legal conclusions are free of error. **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Id.** (citation omitted).

We begin by addressing the timeliness of Zelinsky's Petition, because the PCRA time limitations implicate our jurisdiction, and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Cristina**, 114 A.3d 419, 421 (Pa. Super. 2015). Under the PCRA, any petition for post-conviction relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. **Cristina**, 114 A.2d at 421. The three exceptions are for newly discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Our review of the record discloses that Zelinsky's present PCRA Petition is facially untimely. In this appeal, Zelinsky neither asserts nor

argues the applicability of any exception to the PCRA's timeliness requirement. Because Zelinsky's Petition was untimely filed, and he asserts no exception to the PCRA's timeliness requirement, we cannot consider or grant him relief on his claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015